UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Molly Abanga<br><br>　　Plaintiff,<br><br>v.<br><br>Convergent Outsourcing, Inc.<br><br>　　Defendant. | Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## **PARTIES**

1. Plaintiff, Molly Abanga, ("Molly"), is a natural person who resided in Acworth, Georgia, at all times relevant to this action.

2. Defendant, Convergent Outsourcing, Inc., ("CO"), is a Washington Corporation that maintained its principal place of business in Renton, Washington, at all times relevant to this action.

## **JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant is registered to do business in the state of Illinois and is subject to personal jurisdiction in this district.

**STATEMENT OF FACTS**

5. CO uses a predictive dialer system.

6. Before CO began contacting Molly, it and Molly had no prior business relationship and Molly had never provided express consent to CO to be contacted on her cellular telephone.

7. CO regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of CO's revenue is debt collection.

9. CO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, CO contacted Molly to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Molly is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, CO willingly and knowingly used an automatic telephone dialing system to call Molly on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. On or around December 23, 2013, CO contacted Molly on her cellular phone in connection with the collection of the debt.

15. During this communication, Molly informed CO that she never had such an account and suggested the account might be fraudulent.

16. During this communication, CO threatened to file a lawsuit against Molly if Molly did not pay the debt.

17. CO has not filed a lawsuit against Molly.

18. CO never intended to file a lawsuit against Molly.

19. CO caused Molly severe emotional distress.

20. CO attempted to collect a debt from Molly.

21. CO violated the FDCPA and TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

### JURY DEMAND

30. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

31. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By:  /s/ Jeffrey S. Hyslip
One of Plaintiff's Attorneys

Date: February 3, 2014

Jeffrey S. Hyslip, Esq.
917 W. 18th St., Suite 200
Chicago, IL  60608
312-380-6110
jeffrey@lifetimedebtsolutions.com